UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                    :
CHARLES EDWARD MCCOY,               :
                                    :
          Petitioner,               :    Civ. No. 13-1498 (NLH)
                                    :
     v.                             :    OPINION
                                    :
WARDEN JORDAN HOLLINGSWORTH,        :
                                    :
          Respondent.               :
_____        :
```

APPEARANCES:
Charles Edward McCoy, # 16571-171
USP Atlanta[1]
P.O. Box 150160
Atlanta, GA 30315
     Petitioner Pro se

John Andrew Ruymann, Esq.
Office of the United States Attorney
402 East State Street, Suite 430
Trenton, NJ 08608
     Counsel for Respondent

HILLMAN, District Judge

     Petitioner Charles Edward McCoy, a prisoner formerly

confined at the Federal Correctional Institution ("FCI") in Fort

---

[1] Per the Bureau of Prisons ("BOP") website, Petitioner is
presently confined at the United States Penitentiary ("USP") in
Atlanta, Georgia. See http://www.bop.gov/inmateloc/.  Because
Petitioner failed to update his address, his Petition is subject
to dismissal pursuant to Local Civil Rule 10.1. See L.CIV.R.
10.1(a) ("Counsel and/or unrepresented parties must advise the
Court of any change in their or their client's address within
seven days of being apprised of such change by filing a notice
of said change with the Clerk."). Nevertheless, the Court will
address the merits of the Petition and direct the Clerk of the
Court to update Petitioner's address on the docket.

Dix, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241, challenging his security classification. (ECF No. 1).  On June 15, 2013, the Court granted Petitioner leave to proceed in forma pauperis and required Respondent to submit an Answer. (ECF No. 2).  Respondent filed his Response on August 2, 2013 (ECF No. 5), and Petitioner submitted his Opposition on or about August 23, 2013 (ECF No. 6).  The matter is now fully briefed.  For the reasons that follow, the Petition will be dismissed for lack of jurisdiction.

I.   <u>BACKGROUND</u>

Petitioner pled guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and was sentenced to a 180-month term of imprisonment.  In the instant Petition, Petitioner challenges the Bureau of Prison's ("BOP") application of the Greater Security Management Variable ("GSMV")[2] which impacts the calculation of his custody classification and his place of confinement — <u>i.e.</u> a low or minimum security facility.  Petitioner asserts that the BOP applied this variable "where there was no longer a factual basis" for doing so, and that the

---

[2] Petitioner also refers to this variable with an acronym of "GSMGTV" (Pet. 6, ECF No. 1), and as a "Management Variable/Greater Security (MGTV)" (Pet. 7, ECF No. 1).  For purposes of this Opinion, the Court will refer to it as a Greater Security Management Variable ("GSMV").

BOP failed "to follow its own Program Statement." (Pet. 6, ECF No. 1).

Petitioner explains that "[o]n March 17, 2012, the [GSMV] expired and [his] custody level was changed from Low to Minimum[.]" (Pet. 8, ECF No. 1). Petitioner asserts that he was recommended for minimum custody by his case manager, but that there was a "procedural problem" and that the Associate Warden insisted on a new GSMV. (Id.). As a result of the application of a GSMV, Petitioner was not eligible for placement in a minimum security facility[3]. Petitioner also implies that his due process rights have been violated and that the GSMV should have been removed after the sentencing judge amended his Presentence Investigation Report ("PSR"). (Pet. 12, ECF No. 1).

Petitioner filed administrative grievances; however, they were denied. (Pet. 7-10, ECF No. 1). By way of this Petition, Petitioner seeks removal of the GSMV.

Respondent concedes that Petitioner has exhausted his administrative remedies. However, Respondent asserts that this Court is without jurisdiction to consider Petitioner's challenge to his custody classification. Respondent also argues that Petitioner does not have a protected interest in his custody

---

[3] Respondent explains that a "minimum" security institution is one level lower than a "low" security facility. (Resp't 5 n.2, ECF No. 5).

classification or particular place of confinement; that
Petitioner's security and custody level is not subject to
review; and that the GSMV was properly applied in Petitioner's
case. (Resp't 2, ECF No. 5).

## II.   DISCUSSION

Section 2241 provides in relevant part: "The writ of habeas
corpus shall not extend to a prisoner unless . . . he is in
custody in violation of the Constitution or laws or treaties of
the United States." 28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court, the
petitioner must satisfy two jurisdictional requirements: the
status requirement that the person be "in custody," and the
substance requirement that the petition challenge the legality
of that custody on the ground that it is "in violation of the
Constitution or laws or treaties of the United States." 28
U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490,
109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

"Section 2241 is the only statute that confers habeas
jurisdiction to hear the petition of a federal prisoner who is
challenging not the validity but the execution of his sentence."
Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001); Barden v.
Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).  A habeas corpus
petition is also the proper mechanism for a prisoner to
challenge the "fact or duration" of his confinement. Preiser v.

4

Rodriguez, 411 U.S. 475, 498–99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

The United States Court of Appeals for the Third Circuit has noted that "the precise meaning of 'execution of the sentence' is hazy." Cardona v. Bledsoe, 681 F.3d 533, 536 (3d Cir. 2012) (quotations and citations omitted).  In Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243–44 (3d Cir. 2005)), the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC"), pursuant to a federal regulation.  In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from a garden variety prison transfer:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution.  More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer.  Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.

Woodall, 432 F.3d at 243.

Unlike the petitioner in Woodall, Petitioner in this case challenges the application of a Greater Security Management Variable and, as a corollary, his custody classification and his placement in a low, rather than minimum, level facility. Therefore, his claim is a challenge to the condition of his confinement rather than to the fact or duration of his confinement.  Accordingly, the Court finds that it lacks jurisdiction to entertain Petitioner's challenge to the BOP's application of a Greater Security Management Variable to his security classification. See Briley v. Attorney Gen. U.S., No. 15-1847, 2016 WL 158808, at *1 (3d Cir. Jan. 14, 2016) (affirming district court's dismissal because petitioner's challenge to a Greater Security Management Variable was not cognizable in federal habeas review); see also Levi v. Ebbert, 353 F. App'x 681, 682 (3d Cir. 2009) ("We agree with the District Court that Levi's claims concerning the determination of his custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition.  None of his claims challenge the fact or length of his sentence or confinement." (internal citations omitted)); Cohen v. Lappin, 402 F. App'x 674, 676 (3d Cir. 2010) ("Cohen's challenge to his security designation and custody classification [do not challenge the basic fact or duration of his imprisonment] . . . In the absence of the type of change in custody level at issue

in Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), such an objection is simply not a proper challenge to the 'execution' of a sentence cognizable in a § 2241 proceeding.").[4] Petitioner remains free to reassert his claims in a properly filed civil complaint.[5]

With regard to Petitioner's allegation that his GSMV should be removed due to the sentencing judge's amendment of the Presentence Investigation Report, this Court finds that Petitioner's argument is without merit.  Respondent explains the Statement of Reasons ("SOR") portion of Petitioner's Judgment and Commitment Order was amended because the sentencing court sustained certain objections that Petitioner had raised to the PSR at the time of sentencing.[6]  "Specifically, the SOR was

---

[4] Because the Court finds that it lacks jurisdiction, it is not necessary to address Respondent's additional arguments.

[5] The Court makes no determination as to the merits of such a civil complaint.  Nevertheless, it is doubtful whether such a claim would succeed. See Minor v. Zickefoose, No. 12-3927 NLH, 2012 WL 6005714, at *2 n.1 (D.N.J. Nov. 30, 2012) (collecting cases which discuss the absence of inmates' rights to a particular security classification or place of confinement). Petitioner is on notice that a civil action filed pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) carries with it a total fee in the amount of $400 or, if a prisoner is granted in forma pauperis status, a filing fee in the amount of $350.

[6] The January 10, 2013 Order which amends the Statement of Reasons portion of the Judgement and Commitment Order explains that it is the practice of the United States District Court for the District of South Carolina "for changes to the PSR made necessary when the court sustains an objection to the PSR, to be reflected not in an amended PSR, but rather set out in the

amended to provide Petitioner's version of the facts, which was that he and another individual shot at the victim, but it was not Petitioner's bullet 'that committed the fatal shooting.'" (Decl. of Sarah Byram 2, ECF No. 5-1).

Respondent asserts that this amendment, which Petitioner relies upon in his Petition, "does not contain any recommendation regarding the execution of petitioner's sentence." (Resp't 10, ECF No. 5). Respondent further certifies that this amendment was taken into consideration when evaluating Petitioner's requests, "but did not provide justification for removal of the [GSMV]" (Decl. of Sarah Byram 2-3, ECF No. 5-1).

Indeed, the United States District Court for the District of South Carolina expressly declined to offer an opinion regarding Petitioner's custody level. (Pet. 42, ECF No. 1) (Decl. of Sarah Byram 14, Attach. 5: Jan. 10, 2013 Order, ECF No. 5-1) ("To the extent this information may be needed by the Bureau of Prisons to determine the defendant's custody level (an issue about which this court expresses no opinion), the court will modify the Statement of Reasons . . . ."). Because the BOP's conduct in applying a GSMV is not inconsistent with Petitioner's sentencing judgment, including the amendment to the

---

"Statement of Reasons" portion of the Judgment and Commitment Order." (Pet. 41, ECCF No. 1); (Decl. of Sarah Byram 13, Attach. 5: Jan. 10, 2013 Order, ECF No. 5-1).

Statement of Reasons, Petitioner's claims do not concern the
execution of his sentence and are not properly brought in a
habeas petition under § 2241. See Cardona, 681 F.3d at 537
(affirming dismissal of the petition and finding that
petitioner's claims did not concern the execution of his
sentence, because the BOP's conduct was not inconsistent with
his sentencing judgment).

Finally, this Court notes that in his Opposition (ECF No.
6) to Respondent's Response, Petitioner raises a new argument
and asserts that the BOP's determination was an "abuse of
discretion." (Opp'n 3, ECF No. 6).  As an initial matter,
Petitioner's new challenge is improperly raised, since "a
litigant cannot plead claims, state and/or support facts by any
non-pleading document, be it moving papers, an opposition to
adversaries' motion, the litigant's traverse, etc." Hairston v.
Heffron, No. 09-5971, 2010 WL 5392664, at *4 (D.N.J. Dec. 21,
2010) (quotations and citation omitted); see also Muniz v.
Zickefoose, No. 10-2444, 2011 WL 3022439, at *4 (D.N.J. July 21,
2011) adhered to on reconsideration, No. 10-2444, 2011 WL
4703065 (D.N.J. Sept. 30, 2011) and aff'd, 460 F. App'x 165 (3d
Cir. 2012) (collecting cases).

Nevertheless, Petitioner's new argument is without merit.
First, 18 U.S.C. § 3625 states that the provisions of the
Administrative Procedure Act ("APA") "do not apply to the making

of any determination, decision, or order under this subchapter." 18 U.S.C.A. § 3625.  Included in that subchapter is the statute which Petitioner cites in his Opposition, 18 U.S.C. § 3621(b). Thus, this Court is without jurisdiction to consider a challenge to an individualized discretionary decision made pursuant to 18 U.S.C. § 3621(b). See, e.g., Standifer v. Ledezma, 653 F.3d 1276, 1279 (10th Cir. 2011) (quoting Hunnicutt v. Hawk, 229 F.3d 997, 1000 (10th Cir. 2000)) ("Because the Administrative Procedure Act does not apply to § 3621, we may not review whether the BOP erred in [petitioner's] particular case, but may only review whether the BOP exceeded its statutory authority . . . ."); Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625.").

However, the Court of Appeals for the Third Circuit has not explicitly adopted this approach and, in fact, has reviewed other individualized BOP decisions made pursuant to § 3621 using the abuse of discretion standard set forth in the APA. See, e.g., Brown v. Warden Fairton FCI, 617 F. App'x 117, 119 n.3 (3d Cir. 2015) (reviewing BOP's application of the factors set forth in § 3621(b) for abuse of discretion); Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012) (same).  Therefore, although this

Court concludes that jurisdiction is lacking due to the clear language of § 3625, a review of the BOP's individual determination under the APA for "abuse of discretion" is consistent with current Third Circuit law.

In this case, Petitioner does not indicate which factors under § 3621(b) he believes were misapplied.  Further, Petitioner notes in his initial Petition that his request for removal of the GSMV was denied, in part, because the BOP noted his "serious history of violence and the amount of time remaining to serve." (Pet. 8, ECF No. 1).  In applying the GSMV, the BOP noted that upon his arrest, Petitioner "fought with the arresting officers[,]" and had to be "tasered . . . three times before he complied with orders[.]" (Decl. of Sarah Bynam 5, Attach. 1: Request for Application of Management Variable, ECF No. 5-1).  The report further noted that in 1994 Petitioner was convicted of Voluntary Manslaughter." (Id.).

Although Petitioner does not directly dispute these allegations in the body of his Petition or Opposition, the Court notes that in one of his administrative grievances, which Petitioner attaches to his Petition, Petitioner denies having a history of violence. (Pet. 20, Regional Administrative Remedy Appeal, ECF No. 1).  Specifically, Petitioner disputes the fact that he resisted arrest and clarifies that he "only resisted being repeatedly tasered for not spitting out suspected crack."

(Id.).  Regardless of his reasons for doing so, Petitioner concedes that he resisted and failed to comply with orders from officers.  In this same document, Petitioner also clarifies that he did not plead guilty to Voluntary Manslaughter, but instead was convicted by a jury. (Id.).  However, whether Petitioner pled guilty or was found guilty by a jury does not alter the violent nature of the charge for which he was convicted.

Moreover, Petitioner specifically objected to his PSR and argued, successfully, to have the Statement of Reasons amended to reflect his version of the facts.  Petitioner's version confirms that he was shooting at an individual, but that his "bullet was not the bullet 'that committed the fatal shooting.'" (Pet. 42, ECCF No. 1); (Decl. of Sarah Byram 14, Attach. 5: Jan. 10, 2013 Order, ECF No. 5-1).  Whether or not Petitioner's bullet was the actual cause of the victim's death does not negate the fact that Petitioner engaged in violent conduct by participating in the shooting, and by aiding and abetting the shooter's whose bullet committed the fatal shooting.

Given these circumstances — and in light of Petitioner's failure to present arguments to the contrary — this Court cannot find that the BOP's determination under § 3621(b) was an abuse of discretion.  Accordingly, even if this Court had jurisdiction to review the BOP's individual determination under §s 3621(b) Petitioner would not be entitled to relief on this claim.

III. <u>CONCLUSION</u>

For the foregoing reasons, the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, will be dismissed without prejudice for lack of jurisdiction.

An appropriate Order will be entered.


                              ___s/ Noel L. Hillman_____
                              NOEL L. HILLMAN
                              United States District Judge

Dated: March 14, 2016
Camden, New Jersey

13